# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 11, 2012

No. 12-30188

Lyle W. Cayce
Clerk

CHADWICK S. PRICE,

Plaintiff-Appellant

v.

SUPREME COURT OF LOUISIANA ; COMMITTEE ON BAR ADMISSIONS
OF THE SUPREME COURT OF LOUISIANA,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:11-CV-01663

Before JONES, Chief Judge, and GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Chadwick S. Price ("Price") appeals the district court's grant of a motion
to dismiss filed by the defendants, the Louisiana Supreme Court and the
Committee on Bar Admissions of the Supreme Court of Louisiana (the
"Committee"). Price argues he was denied due process, his claim is not barred
by the doctrine of *res judicata*, and the *Rooker-Feldman* doctrine does not apply
as discussed in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-30188

*Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). We agree with Price that *Rooker-Feldman* does not apply because this is a challenge to state bar rules. *Feldman*, 460 U.S. at 486 ("United States District Courts [] have subject matter jurisdiction over general challenges to state bar rules . . . which do not require review of a final state court judgment in a particular case.").  We agree with the District Court, however, that Price, who had the procedural right to file a written challenge to the Committee's finding on alcohol abuse on multiple occasions under the Louisiana Supreme Court Rules, was not denied due process. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (balancing the private interest at stake, the risk of an erroneous depravation of that interest, and the government interests when deciding whether due process was afforded); *see also Willner v. Comm. on Character and Fitness*, 373 U.S. 96, 107–08 (Goldberg, J., concurring) ("[I]n all cases in which admission to the bar is to be denied on the basis of character, the applicant . . . must be adequately informed of the nature of the evidence against him and be accorded an adequate opportunity to rebut this evidence.  As I understand the opinion of this Court, this does not mean that in every case confrontation and cross-examination are automatically required.").  Accordingly, we AFFIRM.